UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 08-20803-CIV-MORENO

ANED MARTINEZ, individually and as parent
and natural guardian of ALEJANDRO D.
VELAZQUEZ,

    Plaintiffs,

vs.

J.C. PENNEY CORP., INC.,

    Defendant.
_____/

### ORDER REMANDING CASE AND ORDER DENYING AS MOOT MOTION TO DISMISS AND CROSS-MOTIONS FOR ATTORNEY'S FEES

Plaintiff is the mother of a child that tripped and fell inside a J.C. Penney store. She is suing in her individual capacity for damages under $75,000 and on behalf of her minor child for damages under $75,000. At issue in this case is whether the amount-in-controversy is met to establish this Court's diversity jurisdiction. Because binding precedent precludes the Court from aggregating these claims, the Court finds the jurisdictional amount is not met and jurisdiction is lacking.

THIS CAUSE came before the Court upon Plaintiff's Motion for Remand and Demand for Attorney's Fees **(D.E. No. 11)**, filed on **April 24, 2008**, Defendant's Motion to Dismiss Amended Complaint or for a More Definite Statement **(D.E. No. 12)** filed on **April 24, 2008** and Defendant's Cross Motion for Attorney's Fees **(D.E. No. 13)** filed on **April 25, 2008**.

THE COURT has considered the motions, the responses, and the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion for remand is GRANTED. This case is hereby REMANDED

to the Circuit Court for the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. The Clerk of the Court is hereby directed to take all necessary steps and procedures to effect the expeditious remand of the above-styled action. It is also

**ADJUDGED** that the motion to dismiss or for more definite statement and the cross-motions for attorney's fees are DENIED as moot. It is further

**ADJUDGED** that all pending motions are DENIED as moot.

## I. BACKGROUND

Plaintiff filed a complaint in state court for damages sustained when a child tripped and fell over clothing in a J.C. Penney store. Plaintiff is the child's mother, who is seeking to recover damages in her individual capacity for loss of consortium and for expenses she incurred due to her child's injury and on behalf of her minor child for the injury sustained, including pain and suffering.

Plaintiff's initial complaint only stated that she was seeking over $15,000 in damages. Defendant's Notice of Removal indicated that Plaintiff's damages are not limited in any fashion and the amount-in-controversy is met. Within days of filing the Notice of Removal, Defendant filed a Motion for More Definite Statement or to Dismiss Plaintiff's Complaint. In that motion, Defendant argued that the complaint failed to set forth any specificity regarding the incident. Plaintiff's cursory allegations only stated that the child was walking in the store and "suddenly and without warning his feet were tangled up on some clothes that were on the floor and tripped impacting and cutting his head on a clothing rack suffering grievous bodily injury, permanent injury, aggravation of preexisting injury. . . ." The Court agreed with Defendant that the allegations lacked specificity. Given the lack of specificity in the complaint, the Court also ordered Plaintiff to submit a statement on the amount they were seeking in damages because the Court was skeptical that at the time of

removal the amount-in-controversy requirement was met, as Defendant asserts in the Notice of Removal.

As per the Court's Order, Plaintiff submitted a statement indicating that Plaintiff was seeking less than $75,000 in her individual capacity and less than $75,000 on behalf of her minor child. Plaintiff filed an amended complaint to that effect.

## II. LEGAL STANDARD

"A necessary corollary to the concept that a federal court is powerless to act without jurisdiction is the equally unremarkable principle that a court should inquire into whether it has subject matter jurisdiction at the earliest possible stage of the proceeding." *Univ. of So. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). Courts are to construe the removal statutes narrowly resolving uncertainties in favor of remand. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). Stemming from federalism principles is the removing defendants' burden to plead the basis for federal jurisdiction. *Miedema v. Maytag Corp.*, 450 F.3d 1322, 1330 (11th Cir. 2006); *Klempner v. Northwestern Mutual Life Ins. Co.*, 196 F. Supp. 2d 1233, 1237 (S.D. Fla. 2001) ("A presumption in favor of remand is necessary because if a federal court reaches the merits of [a] pending motion in a removed case where subject matter jurisdiction may be lacking it deprives a state court of its right under the Constitution to resolve controversies in its own courts."). Defendant has the burden to show that by a preponderance of the evidence the amount-in-controversy requirement is met. *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356-57 (11th Cir. 1996) (overruled on other grounds by *Cohen v. Office Depot*, 204 F.3d 1069 (11th Cir. 2000)).

## III. LEGAL ANALYSIS

*1. Is Amount -in-Controversy Requirement Met?*

At issue in this case is whether Defendant has shown the amount-in-controversy requirement is met by a preponderance of the evidence. Remand of a diversity case is proper where pleadings make it clear to a legal certainty that a claim is really for less than jurisdictional amount. *Leonard v. Enter. Rent A Car*, 279 F.3d 967, 972 (11th Cir. 2002). The critical time for determining jurisdiction is the date of removal. *Id*. If jurisdiction was proper at that date, subsequent events, even the loss of the required amount-in-controversy, will not operate to divest the court of jurisdiction. *Id*. "A conclusory allegation in the notice of removal that the jurisdiction amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319-20 (11th Cir. 2001).

Generally, a court should not review an amended complaint when assessing jurisdiction. There are, however, a line of cases that support a "clarification" doctrine where the original pleadings essentially leave open the amount-in-controversy. *ANPAC v. Dow Quinica de Colombia S.A.*, 988 F.2d 559 (5th Cir. 1993) (abrogated on other grounds by *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, n.6 (1994)). In this case, the Defendant, itself, requested clarification of Plaintiff's allegations, uncertain of what actually occurred to cause Plaintiff and her child harm and what harm Plaintiff and her child suffered. Moreover, in reviewing the original complaint, the Court was skeptical that the amount-in-controversy was met when a child tripped and fell over clothing. Given the vagueness of the original complaint about damages sustained and Defendant's blanket assertions in the Notice of Removal, the Court was in need of clarification to determine whether the amount-in-controversy was met at the time of removal. Plaintiff proceeded to advise the Court that Plaintiff was seeking under $75,000 in her individual capacity and under $75,000 on behalf of her minor child. *See Burns*, 31 F.3d at 1095 (holding that plaintiff's lawyers valuation of case deserves

deference and presumption of truth).

As proof that the amount-in-controversy is met, Defendant points to a stipulation that Plaintiff refused to sign. The proposed stipulation indicated that the total amount of damages was less than $75,000. Defendant argues that the failure to stipulate constitutes evidence that the amount-in-controversy exceeds the jurisdictional amount. Plaintiff's failure to stipulate is only one factor the Court must consider in determining whether Defendant has met its burden. Standing alone, a failure to stipulate will not defeat a motion to remand. *Carbajal v. Caskids Oil Operating Co.*, 2006 WL 1030392, *3 (E.D. La. April 18, 2006).

Aside from the failure to stipulate, Defendant argues that there is only one Plaintiff in this case and she is seeking close to $150,000. Citing *Burke v. Smith*, 252 F.3d 1260, 1264 (11th Cir. 2001), Defendant argues that when a parent represents a child, there is only one plaintiff -- the parent. In *Burke*, however, the Eleventh Circuit did not hold that a parent suing in her own capacity for consequential damages and suing on behalf of her child was <u>one</u> plaintiff. Rather, the Eleventh Circuit stated that a guardian *ad litem* need not be appointed when a minor is represented by a parent who is a party to the lawsuit and who has the same interests as the child because there is no conflict of interest. *Id.* Accordingly, the Court finds Defendant's argument misplaced.

Because the Court does not find that there is only <u>one</u> plaintiff in this suit, the Court must decide whether to aggregate the claims to meet the jurisdictional threshold.

*2. Can the claims be aggregated to meet jurisdictional amount?*

Ordinarily, separate and distinct claims of multiple plaintiffs cannot be aggregated to satisfy jurisdictional amount requirement. *Snyder v. Harris*, 394 U.S. 332, 335 (1969). There is, however, an exception when several plaintiffs unite to enforce a single right in which they have a common

undivided interest. *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353 (11th Cir. 1996). "[T]here appears to be a common thread in the relevant case law - the presence of a 'common and undivided interest' is rather uncommon, existing only when the defendant owes an obligation to the group of plaintiffs as a group and not to the individuals severally." *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1262 (11th Cir. 2000).

Here, a mother is seeking to recover damages in her individual capacity for loss of consortium and for consequential damages she incurred due to her child's injury and on behalf of her minor child for the injury sustained, including pain and suffering. *Dempsey v. United States*, 32 F.3d 1490, 1492 (11th Cir. 1994) (stating that Florida law recognizes that parents have a cause of action to recover for loss of filial consortium). The question, then, is whether these are distinct claims or whether the mother's claim for loss of consortium and for consequential damages and her claim on behalf of her child for the injury are so interwoven that they form a "single right in which they have a common interest."

Defendant argues that there are few situations with a more "common and undivided interest" than a mother and son. Contrary to Defendant's argument, the case law supports a finding that aggregation of the claims of a parent and child is improper. As the Fifth Circuit held in *Payne v. State Farm Mutual Auto. Ins. Co.*, 266 F.2d 63, 65 (5th Cir. 1959).

> When a father sues in his own behalf and in behalf of his minor child each claim, the claim of the father and the claim of the child, must satisfy the requirement of jurisdictional amount.

*See also Junious v. Food Transport Inc.*, 258 F. Supp. 508, 510 (M.D. Pa. 1966). Applying this rule to this case requires the Court to find that the claims should not be aggregated and the amount-in-

controversy is not met.

Florida law lends further support for this holding. Though the claims of the mother for consequential damages and for loss of consortium are derivative, Florida law recognizes that the claim for the underlying injury is "separate and distinct." *Busby v. Winn & Lovett Miami, Inc.*, 80 So. 2d 675, 676 (Fla. 1955) (holding that a husband's consortium claim is "separate and distinct" from his wife's personal injury claim and may be maintained without joinder of the injured wife); *ACandS Inc. v. Redd*, 703 So. 2d 492, 494 (Fla. 3d DCA 1997) (stating that primary cause of action for personal injury and derivative cause of action for loss of consortium are "separate and distinct"). Because Florida law recognizes these claims as separate, it flows that they should not be aggregated. Accordingly, the Court finds the jurisdictional amount is not met and the case is remanded to state court.

DONE AND ORDERED in Chambers at Miami, Florida, this 28th day of May, 2008.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:
Counsel of Record

Clerk of Court

Clerk of the Court for the 11th Judicial Circuit in and for Miami-Dade County, Florida